## Rhoads' Executor v. Heck.

(Decided January 19, 1926.)

### Appeal from Muhlenberg Circuit Court.

1. Appeal and Error—Permitting Claimant to Testify as to Services Rendered Decedent Held Error, but Harmless.—Permitting claimant to testify to character and extent of services rendered decedent, where she did not testify about alleged contract for payment thereof, held error, but harmless, where such evidence was withdrawn from jury, and same facts were competently established by other witnesses, and practically without contradiction.

2. Executors and Administrators—Whether Contract for Rendition of Personal Services to Decedent was Made Held for Jury.—In suit on contract for personal services rendered decedent, whether contract was made held for jury.

WILKINS & SPARKS for appellant.

TAYLOR & WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

This is an action upon a contract whereby it is alleged appellant's testator agreed to pay appellee two $1,000.00 government bonds for her services in nursing and caring for testator during the last few years of her life. There was a judgment for the plaintiff, and for reversal the defendant insists that the court erred in the admission of evidence and in overruling his motion for a directed verdict and that the verdict is flagrantly against the evidence.

Appellee was permitted to testify over the objections and exceptions of appellant concerning the character and extent of her services, but she was not asked and did not testify about the alleged contract. Such evidence as she gave, however, was later withdrawn from the jury with

an admonition not to consider it. Appellee's evidence was clearly incompetent and should not have been admitted, but this error could not have been prejudicial, since not only was the evidence withdrawn from the jury's consideration but the same facts were competently established by other witnesses and practically without contradiction.

Three witnesses were introduced by the plaintiff to prove the execution of the contract as alleged. The first witness, a daughter of the plaintiff, although denying knowledge of any such contract finally, in answer to a series of very leading questions which she was permitted to answer over the objections and exceptions of the defendant, was induced to admit rather than testify that such a contract was executed by the decedent.

If this were the only evidence upon the question we would readily agree with counsel for appellant that the case of Armstrong v. Shannon, et al., 177 Ky. 547, 197 S. W. 950, was controlling and that the court erred in refusing to direct a verdict for the defendant. This, however, is not true, since the other two witnesses who testified for plaintiff upon the question stated that decedent a short time before her death and upon different occasions told them of the contract and its terms and that same was as alleged in the petition.

There was, therefore, ample evidence for the plaintiff aside from that of her daughter to carry her case to the jury, and as there was but little, if any, contradiction of this evidence, it can not be said that the verdict was either unsupported by or contrary to the evidence. The instructions fairly submitted the issue to the jury and are not criticised, and we fail to find any error prejudicial to appellant's substantial rights.

Judgment affirmed.